IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAFAR IQBAL, MD, | ) |
|         Plaintiff, | ) |
| v. | ) Civ. A. No. 2:23-cv-832 |
| BOARD OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, PA STATE BOARD OF MEDICINE, et al., | ) |
|         Defendants. | ) |

**ORDER**

**I.  Introduction**

Plaintiff Zafar Iqbal, MD has filed what he calls a "Motion Under Rule 60(b)(3) Relief From Memorandum Opinion/Order Dated December 27, 2023" (ECF No. 109). In this motion, he seeks relief from the Court's Memorandum Opinion and Orders filed on that date. These orders granted eight motions to dismiss and dismissed Plaintiff's case with prejudice (ECF Nos. 99-108).

In his civil rights Complaint filed under 42 U.S.C. § 1983, Plaintiff challenged the November 2, 2020 order of the Pennsylvania Board of Professional and Occupational Affairs ("BPOA") and the State Board of Medicine ("the Board") that revoked his license to practice medicine in Pennsylvania (the "Revocation Order"). The Revocation Order was affirmed on appeal by the Pennsylvania Commonwealth Court. In addition to the Board and BPOA, he also sued numerous other defendants, all of whom moved to dismiss his claims against them. Plaintiff attached to the Complaint and to his responses to the motions to dismiss numerous documents, including the Revocation Order and the opinion of the Commonwealth Court, many of which were taken into consideration as appropriate.

Based upon the arguments submitted by Defendants, the Court held that: almost of the claims were untimely because they were filed on May 17, 2023, well beyond two years of the date of the Revocation Order; the BPOA and the Board were immune under the Eleventh Amendment to the Constitution; the police detective who interviewed him successfully argued that Plaintiff was relitigating issues he raised and lost in the state administrative proceedings and before the Commonwealth Court; the other Defendants were not state actors for purposes of § 1983; and he received all the process he was "due" during the state administrative and court proceedings.

On January 3, 2024, Plaintiff filed his Rule 60(b)(3) motion.

## II. Discussion

Rule 60(b)(3) provides for relief from a final judgment where there has been "fraud . . . misrepresentation, or misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 206-07 (3d Cir. 1983). Furthermore, "the evidence must be clear and convincing." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011) (citation omitted). "Uncorroborated, self-serving statements do not satisfy the 'clear and convincing' standard necessary to sustain a motion under Rule 60(b)(3)." *Umansky v. Melton Int'l Tackle, Inc.*, 2019 WL 5418050, at *8 (E.D. Pa. Oct. 23, 2019) (citation omitted).

Plaintiff does not identify any fraud, misrepresentation or misconduct by an adverse party *in this case* that prevented him from fully and fairly presenting his claims, nor has he submitted clear and convincing evidence of any such alleged fraud or misconduct. In fact, the only actions taken by Defendants in this case is filing motions to dismiss. In these motions, they cited various public records and undisputedly authentic documents that Plaintiff himself cited, all of which

demonstrated that he could not state a claim upon which relief could be granted.

Rather, the fraud and misconduct on which Plaintiff relies in the pending motion relates to the actions that various individuals and entities allegedly took well prior to the commencement of this lawsuit that he claims prevented him from receiving a fair hearing with respect to the revocation of his license to practice medicine. These are the same allegations made in his Complaint and in his responses to Defendants' motions to dismiss. Thus, Plaintiff's arguments utterly fail to meet the standard for Rule 60(b)(3) relief.

In its prior rulings, the Court reviewed Plaintiff's arguments and found them to be unsupported. For example, the Court explained that the statute of limitations began to run on November 2, 2020, the date of the Revocation Order, and not on April 18, 2022, the date the Commonwealth Court entered its decision affirming the Revocation Order. Further, the Court explained that the Commonwealth Court's decision did not retroactively provide "color of law" to the actions of private individuals and further confirmed that the BPOA and the Board are state actors. The Court did not "ignore" these issues, as Plaintiff claims, nor did it ignore any fraud as none occurred in this case. Notwithstanding Plaintiff's refusal to accept these legal principles, his arguments were without merit and he failed to state any claim on which relief may be granted. Further, he has made no showing of fraud, misrepresentation or misconduct during the pendency of this case.

As such, Plaintiff's motion for relief under Rule 60(b)(3) will be denied.

Plaintiff also requests that his access to Pacer be restored.[1] The Court did not terminate his access to Pacer. Further, while Plaintiff also requests reassignment to another judge, he has failed to show any reason for reassignment of this case to another judge other than his displeasure with

---

[1] Plaintiff should contact the Clerk's Office regarding any issue with access to Pacer.

the outcome, and having reviewed this matter, the Court finds no issue that would require recusal.

Therefore, it is ORDERED that Plaintiff's "Motion Under Rule 60(b)(3) Relief From Memorandum Opinion/Order Dated December 27, 2023" (ECF No. 109) is denied.[2]

                                        SO ORDERED this 12th day of January, 2024.


                                        /s/Patricia L. Dodge
                                        PATRICIA L. DODGE
                                        United States Magistrate Judge

---

[2] While this motion was pending, Plaintiff filed a notice of appeal. Pursuant to the Federal Rules of Appellate Procedure, his notice "becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Thus, his notice of appeal becomes effective on the date of this order, which disposes of his Rule 60(b)(3) motion.